IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| TRUSTMARK LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY MARIE KING on behalf of minor J.L.W.; and ERICA MARTINEZ WASDIN,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. 7:20-cv-219 |

**ORIGINAL COMPLAINT FOR INTERPLEADER**

Plaintiff Trustmark Life Insurance Company ("Trustmark") files this Original Complaint for Interpleader, and states:

## I. PARTIES

1. **Plaintiff.** Trustmark is an Illinois corporation with its principal place of business in Lake Forest, Illinois. Trustmark is a citizen of Illinois.

2. **Defendant Ashley Marie King, on behalf of minor J.L.W.** Defendant and claimant Ashley Marie King ("King") is an individual and citizen of Alabama, and currently resides at 3391 Gatewood Drive, Mobile, Alabama 36619. Upon information and belief, King is the biological mother and legal guardian of minor J.L.W. King asserts a claim on behalf of and in her capacity as legal guardian of minor J.L.W.

3. **Defendant Erica Martinez Wasdin.** Defendant and claimant Erica Martinez Wasdin ("Wasdin") is an individual and citizen of Texas, and currently resides at 5009 Winchester Ave., Odessa, Texas 79762.

## II. JURISDICTION AND VENUE

4. **Jurisdiction.** This Court has exclusive jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1). The life insurance benefits at issue are payable under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Trustmark, as a claims fiduciary, seeks to obtain equitable interpleader relief pursuant to 29 U.S.C. § 1132(a)(3)(B)(ii) to enforce the terms of the employee welfare benefit plan.

5. **Venue.** Venue is proper in this Court under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b)(1), as the insured resided in this district, as the district in which a substantial part of the events or omissions giving rise to this action occurred, and as the district where one or more defendants reside.

## III. OPERATIVE FACTS

6. **The Policy.** Trustmark issued life insurance coverage to Jimmy Lane Wasdin, (the "Insured") under Group Policy No. 24276, effective January 1, 2017 (the "Policy"), through his employment with Line Construction Benefit Fund (the "Policyholder"), as part of the Policyholder's ERISA benefit plan. The Policy replaced prior policy no. 24276, effective January 1, 2015. The Policy provided $40,000.00 in coverage – $20,000.00 in life insurance coverage in the event of death, and another $20,000.00 in accidental death and dismemberment coverage, subject to the terms thereof

(the "Policy Proceeds"). The Policy provides that, unless changed, the beneficiary named in the application is the payee to whom Policy Proceeds are to be paid, and if no beneficiary is living, designated, or otherwise available, then the Policy Proceeds will be paid to the first of the following beneficiary classes in which there is a surviving person: (1) spouse; (2) children; (3) parents; (4) brothers and sisters; and (5) executors and administrators.

7. **The First Beneficiary.** Upon his enrollment in the Policy, the Insured designated his then wife, King, as the Policy's beneficiary.

8. **The Divorce.** In 2016, the Insured and King became divorced upon entry of a final Agreement entered in the Circuit Court of Mobile County, Alabama, Domestic Relations Division, in Case No. DR-2015-901696.00-H, *Ashley Marine King, Plaintiff v. Jimmy Lane Wasdin, Defendant* (the "Divorce Agreement)." In the Divorce Agreement, the Insured and King agreed "[t]hat the Defendant shall maintain the union life insurance policies presently in place, naming the Plaintiff as the beneficiary thereof for the benefit of the minor child, so long as he has any obligation to the Plaintiff or for the payment of child support."

9. **The Second Marriage**. Upon information and belief, Insured and Wasdin were married in 2019.

10. **The Change of Beneficiary**. Despite the language of the Divorce Agreement, on August 11, 2019, the Insured designated Wasdin as the beneficiary of the Policy.

11. **Death of the Insured.** The Insured died on June 2, 2020.

12. **Rival Claims.** Following the Insured's death, the Policyholder received calls from King and Wasdin (together, the "Claimants"), respectively, each requesting information regarding the Policy Proceeds. The Claimants have since asserted their entitlement to the Policy Proceeds, King in her capacity as legal guardian on behalf of minor J.L.W., and Wasdin in her individual capacity.

13. **Trustmark's Possible Double or Multiple Liability.** Although the 2019 Beneficiary Designation lists Wasdin as the beneficiary, the preceding 2016 Divorce Agreement requires that the Insured's union life policies name King as the beneficiary for the benefit of minor J.L.W. Trustmark is unsure if the union policies referred to in the Divorce Agreement include the Policy at issue, as the Divorce Agreement does not specify. Additionally, because the law has not addressed whether divorce agreements preempt life insurance beneficiary designations (or vice versa), Trustmark has reasonable doubt as to whom—King or Wasdin—is entitled to the Policy Proceeds. Specifically, Trustmark has a reasonable and good faith doubt as to whether the rightful beneficiary is King under the 2016 Divorce Agreement or Wasdin under the 2019 Beneficiary Designation.

14. Trustmark is or may be exposed to double or multiple liability and seeks resolution of the rival and conflicting claims in good faith. Trustmark has no interest whatsoever in the Policy Proceeds other than fulfilling its contractual obligation to pay the sums due to the appropriate party. Accordingly, Trustmark has no independent liability to any of the Defendants and is a disinterested stakeholder in this case. Trustmark therefore desires to interplead the Policy Proceeds into the Court's registry, admits liability for the Policy Proceeds, and tenders the same to the Court.

15. **Retention of Counsel.** As a result of the present controversy, Trustmark had to retain the undersigned counsel and seeks the recovery of attorneys' fees and costs of Court in bringing this interpleader action.

## IV. CLAIMS FOR RELIEF

16. **Interpleader.** Trustmark files this interpleader action pursuant to FED. R. CIV. P. 22. Trustmark has a good faith doubt as to whom the Policy Proceeds are owed. Trustmark admits its obligation to pay the Policy Proceeds, but cannot pay those Policy Proceeds in the face of competing claims without subjecting itself to the possibility of double or multiple liability. Trustmark is a disinterested stakeholder with respect to the Policy Proceeds and claims no beneficial interest therein, except for attorneys' fees and costs incurred in connection with this interpleader. Furthermore, Trustmark has no independent liability to any Claimant in this interpleader. Trustmark shall, upon the granting of its interpleader, pay into the Registry of the Court the Policy Proceeds, together with any legal interest due thereon through the date of the interpleader.

17. **Attorneys' Fees.** Trustmark is entitled to its reasonable and necessary attorneys' fees and costs in connection with its interpleader. *See Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999) ("The award of attorney's fees is in the discretion of the district court, and fees are available when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants."); *United of Omaha Life Ins. Co. v. Womack-Rodriguez*, No. SA-19-CV-0814-JKP, 2020 WL 2513573, at *10 (W.D. Tex. May 15, 2020) (same); *Sanchez v. Prudential Inv. Mgmt., Inc.*, 5:15-CV-982-DAE, 2017 WL 5177644, at *3 (W.D. Tex. Jan. 6, 2017) ("Finally, where interpleader is

proper, attorney's fees and costs are usually awarded to the disinterested stakeholder from the interpleader fund.").

## V. PRAYER

16. **Relief Requested**. Trustmark respectfully requests the following relief:

(a) That Claimants be served with process and be required to answer in the time and manner prescribed by law;

(b) That Claimants be required to interplead and settle between themselves their rights and claims to the Policy Proceeds;

(c) That the Court enter an order enjoining and restraining Claimants from instituting or prosecuting any proceeding in any state or United States court affecting the Policy involved in this interpleader action;

(d) That on final hearing, Claimants for themselves, their heirs, legal representatives, and assigns, and all other persons claiming by, through, or under them, be permanently enjoined and restrained from instituting or prosecuting any proceeding in any state or United States court against Trustmark relating to the Policy;

(e) That Trustmark be awarded its reasonable attorneys' fees and court costs in connection with this interpleader action;

(f) That Trustmark be fully and finally discharged from further liability to Claimants, and all other persons claiming by, through, or under them; and

(g) That this Court grant all such other and further relief, both general and special, at law and in equity, to which Trustmark may show itself justly entitled.

Respectfully submitted,

By: *\/s/ Raha Assadi*
Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Attorney-in-Charge
Raha Assadi
Texas Bar No. 24098153
raha.assadi@figdav.com

**FIGARI + DAVENPORT, L.L.P.**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR PLAINTIFF
TRUSTMARK LIFE INSURANCE
COMPANY